I respectfully dissent from the majority decision to reverse the Deputy Commissioner's Opinion and Award on the basis of according greater weight to the testimony of Dr. Sean Maloney than to the testimony of Dr. Stephen K. Westly.
Dr. Westly, an expert in orthopaedic, hand, and upper extremity surgery, treated plaintiff for the compensable occupational disease of carpal tunnel syndrome. Subsequently, Dr. Maloney, a physical medicine and rehabilitation expert, treated plaintiff for myofascial pain/fibromyalgia in the neck and shoulders (and back and hips). In addition to the employment-related carpal tunnel syndrome, plaintiff suffered from significant degenerative disk disease and was a long-term cigarette smoker.
Dr. Maloney testified that the disk disease and smoking were sufficient to cause plaintiff's myofascial pain, irrespective of plaintiff's carpal tunnel syndrome. He stated his opinion that plaintiff's carpal tunnel syndrome was one of at least three factors contributing to her myofascial pain. His only basis for including carpal tunnel syndrome as a contributing factor was that carpal tunnel syndrome is a "negative effect on the body, or an additional stress" and, before developing carpal tunnel syndrome, plaintiff did not have myofasical pain. When read in its entirety, Dr. Maloney's testimony demonstrates that he related plaintiff's carpal tunnel syndrome to her myofascial pain based on guesswork and an absence of evidence to the contrary rather than on positive supporting medical evidence.
To the contrary, Dr. Westly definitively testified that plaintiff's carpal tunnel syndrome was not related to her myofascial pain disorder, and he provided competent medical evidence to support his conclusion. Dr. Westly examined plaintiff approximately one year following the beginning of her treatment by Dr. Maloney, which had proven ineffective in managing her myofascial pain. Dr. Westly found that plaintiff's symptoms at that time had basically remained unchanged since he referred her to Dr. Maloney, and that her current condition was related to the irritation of nerve roots at the level of the cervical spine and to mild degenerative arthrosis or spondylosis of the cervical spine. There was no evidence of any recurrent compression or irritation of the median nerve at the carpal canal level. Accordingly, he concluded that her myofascial symptoms were unrelated to her previous carpal tunnel syndrome condition.
For these reasons, I would affirm the Deputy Commissioner's ruling that plaintiff's current disabling condition is unrelated to her compensable occupational disease of carpal tunnel syndrome.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER